IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT COLYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00589-AGF |
| | ) | |
| LEADEC CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion to remand (ECF No. 22). For the reasons set forth below, the Court will grant the motion and remand this case to the state court from which it was removed.

**BACKGROUND**

On or about January 13, 2022, Plaintiff Robert Colyer filed his first petition against Defendant Leadec Corp. in Missouri state court, alleging discrimination for exercising his workers' compensation rights under Mo. Rev. Stat. § 287.780, and several race and age discrimination and retaliation claims under federal law. On February 16, 2022, Defendant removed the action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. The federal case was styled *Robert Colyer v. Leadec Corp.*, Case No. 4:22-cv-00193-AGF (hereinafter "*Coyler I*").[1]

[1] *Coyler I* was originally assigned to the Honorable Judge Jean C. Hamilton and was transferred to the undersigned on December 6, 2022.

Plaintiff timely moved to remand, asking that the Court remand the entire case to Missouri state court because the Missouri workers' compensation discrimination claim was nonremovable under 28 U.S.C. § 1445(c).

In its notice of removal and opposition to remand, Defendant acknowledged that Plaintiff's state-law workers' compensation discrimination claim was nonremovable under 28 U.S.C. § 1445(c). However, Defendant argued that the Court should retain jurisdiction over the federal claims pled in *Coyler I*, sever Plaintiff's state-law workers' compensation discrimination claim, and remand that claim only to state court pursuant to 28 U.S.C.§ 1441(c).

By Order dated May 5, 2022, Judge Hamilton agreed with Defendant that because *Coyler I* included claims arising under the Constitution, laws, or treaties of the United States within the meaning of § 1331 (i.e., federal claims) and a claim made nonremovable by statute (i.e., the worker's compensation discrimination claim), the entire case was removable under § 1441(c). *See Coyler I*, ECF No. 22. Judge Hamilton further found that, under § 1441(c), the Court must sever the non-removable claim and remand the severed claim to the state court from which it was removed. *Id.*

Thus, Judge Hamilton severed Plaintiff's non-removable workers' compensation discrimination and remanded that claim only to the Circuit Court of St. Louis County, Missouri from which it was removed.[2] Judge Hamilton retained jurisdiction over the

---

[2] The severed workers' compensation discrimination claim is the instant action, which was (as discussed below) ultimately removed by the Defendant to this Court and captioned Case No. 4:23-cv-00589-AGF. The Court will refer to this action hereinafter as "*Coyler II*."

remaining federal claims in *Coyler I*, and as noted above, *Coyler I* was subsequently transferred to the undersigned.

On September 9, 2022, the Circuit Court of St. Louis County transferred *Coyler II* to the Circuit Court of St. Charles County, Missouri. On April 4, 2023, Plaintiff amended his petition in *Coyler II* in order to add claims under the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 et seq. ("MHRA"), for race and age discrimination and retaliation.

On May 5, 2023, Defendant removed *Coyler II* to this Court, arguing that the Court has diversity jurisdiction over Plaintiff's MHRA claims and that the Court may also maintain supplemental jurisdiction over those claims because they share a common nucleus of operative fact with the federal discrimination claims pending in the separate case, *Coyler I*. Plaintiff now seeks remand of *Coyler II* on the ground that his workers' compensation discrimination claim is non-removable under 28 U.S.C. § 1445(c).

## **DISCUSSION**

A defendant may remove an action from state court to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. Federal courts are those of limited jurisdiction, and the party asserting jurisdiction holds the burden of establishing that a cause of action lies within that limited jurisdiction. *Ark. Blue Cross and Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). As such, removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. *Halsey v. Townsend Corp. of Ind.*, 20 F.4th 1222, 1226 (8th Cir. 2021).

Under § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). As this Court previously held, Plaintiff's workers' compensation discrimination claim arises under Missouri's workmen's compensation laws within the meaning of § 1445(c), and is thus nonremovable. *See Humphrey v. Sequentia, Inc*., 58 F.3d 1238, 1246 (8th Cir. 1995) ("[A] civil action brought to enforce [a state's workers' compensation laws] is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies.").

Defendant relies on two theories to argue that *Coyler II* was nevertheless properly removed. First, Defendant argues that removal was proper under § 1441(c), as the Court held was the case in *Coyler I*, and that the Court again should sever and remand the workers' compensation discrimination claim but otherwise retain jurisdiction over the MHRA claims in *Coyler II*. However, unlike *Coyler I*, *Coyler II* does not include any federal claims. Rather, it includes only the workers' compensation discrimination claim and state-law claims under the MHRA.

Section 1441(c) only applies to civil actions that include a claim over which the Court has *federal question* jurisdiction. *See* 28 U.S.C. § 1441(c) (providing for such procedure only if a civil action includes "a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)"). The statute does not apply to diversity cases like *Coyler II*, and "the Court has no authority under federal law to sever non-removable claims in a diversity action" but must instead "remand the entire action." *Jackson v. Wal-Mart Stores Tex., LLC,* 925 F. Supp. 2d 810,

814 (N.D. Tex. 2013); *see also Burris v. Zale Del., Inc.*, No. 09-6099-CV-SJ-FJG, 2009 WL 3762987, at *3 (W.D. Mo. Nov. 10, 2009) ("There is no statutory provision that would allow a district court having jurisdiction based solely on diversity to sever a non-removable claim and adjudicate the remaining state claims.").

Perhaps recognizing this problem, Defendant alternatively argues that Plaintiff has engaged in improper claim-splitting by bringing his MHRA claims in *Coyler II* instead of *Coyler I*. Defendant thus argues that the Court should essentially treat the two cases as one and hold that § 1441(c) applies in this case because the Court has federal-question jurisdiction over the federal claims pled in *Coyler I* and supplemental jurisdiction over the state-law MHRA claim pled in *Coyler II*. In doing so, Defendant relies primarily on *Kan. Pub. Emp. Ret. Sys. v. Reimer Koger*, 77 F.3d 1063 (8th Cir. 1996) ("*KPERS*").

In *KPERS*, the Eighth Circuit invoked the Anti–Injunction Act, 28 U.S.C. § 2283, to hold that if a district court finds that, after removal, a plaintiff has filed a second state action in an attempt to subvert the purposes of the federal removal statute, then the district court may enjoin the second suit. *KPERS*, 77 F.3d at 1069-70. The appellate court noted that the Anti-Injunction Act prohibited federal courts from enjoining proceedings in state courts unless the injunction fell within one of the three statutory exceptions. But the court reasoned that in the above-noted scenario, the statute's first exception—that the injunction is authorized by an act Congress (i.e., the federal removal statute)—would apply and permit the injunction of the second state suit so long as the district court finds that the second suit was "fraudulent or an attempt to subvert the purposes of the removal statute." *Id.* at 1068-70; *see also Lehr v. Nike Ihm, Inc*, No.

4:19-CV-942 RLW, 2020 WL 5038716, at *3 (E.D. Mo. Aug. 25, 2020) (cited by Defendant here and holding the same).

But as the Eighth Circuit recognized, "[c]ourts must construe the exceptions to the Anti–Injunction Act narrowly and resolve doubts in favor of letting the state action proceed." *KPERS*, 77 F.3d at 1068. Here, the Court cannot say that Plaintiff's actions in *Coyler II* were an attempt to subvert the federal removal statute. Rather, as Plaintiff correctly notes, *Coyler II* was opened as a direct operation of the removal statute, namely, § 1441(c). That statute, if and when it applies, expressly contemplates duplicative or piecemeal litigation by requiring the severance of the non-removable part of a case and retention of the remainder.

Thus, even if Plaintiff had not amended his complaint in *Coyler II* to add the MHRA claims, the parties here would be proceeding in both the federal and state forums. *See, e.g.*, 14b Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, <u>Federal Practice And Procedure</u> § 3722.3 (4th Ed. 2009) (explaining that by invoking § 1441(c), the removing defendants are choosing a federal forum for some claims "knowing that they might have to defend a second, somewhat duplicative case in state court"). Section 1441(c) was not implicated in *KPERS* or the other claim-splitting cases cited by Defendant. And Defendant has not cited, nor has the Court found, any authority prohibiting the actions Plaintiff took here.

Further, as Plaintiff notes and Defendant does not dispute, Plaintiff had not yet received his right-to-sue letter with respect to his MHRA claims at the time the Court severed *Coyler I* into two cases, and Plaintiff thus could not have filed his MHRA claim

in *Coyler I* before the cases were severed. Plaintiff did not receive his right-to-sue letter with respect to his MHRA claim until January 4, 2023, which was well after the deadline for motions to amend pleadings set forth in *Coyler I*. It thus made some sense for Plaintiff to choose to add his new MHRA claims to *Coyler II*, which was at a much earlier stage of litigation. The Court cannot say that such decision was an attempt to subvert the removal statute. Under these circumstances, the Court concludes that remand is warranted. *See Halsey*, 20 F.4th at 1226 ("Doubts about federal jurisdiction are resolved in favor of remand to state court.").

Although the Court will remand this case, it will deny Plaintiff's request for attorneys' fees pursuant to 28 U.S.C. § 1447(c). Before awarding such fees, the Court must find that Defendant "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Given the dearth of caselaw on these issues, Defendant's arguments in favor of removal were not unreasonable.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **GRANTED**, and this matter is **REMANDED** to the Circuit Court of St. Charles County, Missouri, from which it was removed. ECF No. 22. However, Plaintiff's request for attorneys' fees and costs is **DENIED**.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2023.